## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ONIEL MENDENHALL, JR. | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | |
| | § | Civil Action No. _____ |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| DEFENDANT. | § | |
| | § | |
| | § | |

## COMPLAINT

COMES NOW, Oniel Mendenhall, Jr., and brings this action and would show the Court the following:

## PARTIES

1.      Oniel Mendenhall, Jr., is a natural person who resides in Harris County, Texas, with his principal residence at 2506 Locke Lane, Houston, Texas, 77019.

2.      The Defendant is the United States of America.  All action or inaction by the Defendant relating to the subject matter of this action has been in full or in part through the Defendant's agents and employees in the Internal Revenue Service (the "IRS").

## JURISDICTION AND VENUE

3.      This is a suit for the recovery of internal revenue taxes (assessable penalties) and other sums erroneously and illegally assessed and collected from the Plaintiff by Defendant, together with interest thereon according to law.

4.      Jurisdiction is conferred upon the Court by virtue of 28 U.S.C. § 1346(a)(1).

5.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(e) because (a) the suit involves a defendant that is an agency of the United States of America acting in its official capacity, and (b) a substantial part of the events or omissions giving rise to the claim occurred here.

## CAUSE OF ACTION

6.      Plaintiff incorporates by reference the averments of paragraphs 1 through 5 of this Complaint as though the same were set forth fully herein.

7.      Unless otherwise indicated, all statements herein relate to the quarterly periods ending June 30, 2004, September 30, 2004, December 31, 2004 March 31, 2005 and June 30, 2005 (each quarter is a "period in issue" and collectively, the "periods in issue").

8.      Plaintiff was unaware that employment taxes under Sections 3101(a), 3101(b) and 3402(a) of the Internal Revenue Code of 1986, as amended ("employment taxes") were not being collected and/or remitted to the IRS during the periods in issue.

60066871.1                              - 2 -

9.     Plaintiff owns forty-nine percent (49%) of the stock of Triple A Poultry, Inc., EIN: 76-0178471 ("Triple A") and began as an employee of Triple A in June 2004.

10.     In September 2005, Triple A employees, including Plaintiff, discovered information that substantial amounts of money may have been misappropriated from Triple A by one its former officers.  Alan Rollins, a thirteen year employee of Triple A, was its Controller and de facto Chief Financial Officer.  On Tuesday, September 6, 2005, Mr. Rollins left Triple A's offices and has not returned.

11.     While at Triple A, Mr. Rollins oversaw all financial operations of the company, and had direct responsibility for preparing and filing all employment tax returns.  During his employment by Triple A, Plaintiff had no responsibility for the collection, accounting for, or payment of employment taxes for the period involved. Further, Plaintiff did not have check signing authority for any Triple A bank account for the periods in issue, and continues to not have check signing authority for Triple A.

12.     Triple A had prepared checks for employment tax deposits for each of the periods in issue.  Mr. Rollins never delivered these checks for deposit to the IRS, and Triple A employees discovered the uncashed checks for employment taxes in Mr. Rollins' desk drawer the day after Mr. Rollins disappeared.

13.     Plaintiff never made a considered decision to not fulfill Triple A's obligation to pay such employment taxes in lieu of paying other creditors.  Mr. Rollins consistently reported to company management, including Plaintiff, that all employment

taxes had been paid, and all financial statements given to management reflected employment taxes had been paid.  Plaintiff had no knowledge of Triple A's failure to remit employment taxes for the periods in issue, and was not notified by any employee within the company that such employment taxes had not been paid.

14.    Further, Plaintiff exercised reasonable care and due diligence to insure that Triple A's employment taxes were being handled properly.   However, Mr. Rollins, through his malfeasance, and potentially criminal activity, deceived Plaintiff and others at Triple A, by providing false information to Plaintiff that the employment taxes were being paid.

15.    Pursuant and subsequent to a 60-day letter issued March 23, 2006, the IRS erroneously and illegally assessed against the Plaintiff assessable penalties pursuant to Section 6672 of the Internal Revenue Code of 1986 as amended, plus interest and penalties.  On May 10, 2007, the IRS's Appeals Office determined that Plaintiff was liable for the following amounts:

| Tax Period Ending | Penalty |
|---|---|
| 06/30/2004 | $318,000.55 |
| 09/30/2004 | $339,434.32 |
| 12/31/2004 | $1,490,776.23 |
| 03/31/2005 | $315,499.37 |
| 06/30/2005 | $246,030.98 |

16.     On July 10, 2007, Plaintiff paid $6,632.05 of the assessment made against him as the employment taxes due for one employee for each of the periods in issue.

17.     On July 10, 2007, Plaintiff filed a Claim for Refund with the IRS on Form 843 for the $6,632.05 amount paid with respect to each of the periods in issue.  Attached as **Exhibit A** are true and correct copies of each Claim for Refund (with attachments).

18.     Six months have expired since Plaintiff filed its Claims for Refunds, and the IRS has not informed Plaintiff of any decision made with respect to the Claims for Refunds.

19.     As grounds for recovery, Plaintiff makes the following averments:

(a)     Oniel Mendenhall, Jr. was not a person responsible for collecting and paying employment taxes.

(b)     Oniel Mendenhall, Jr. did not willfully fail to collect or truthfully account for and pay over any employment taxes.

(c)     Oniel Mendenhall, Jr.  did not willfully attempt in any manner to evade or defeat the collection of such employment taxes.

20.     As further grounds for his recovery, Plaintiff incorporates by reference the averments contained in his Claim for Refund and attachments thereto.

21.     The assessment and collection of this penalty is arbitrary, discriminatory, erroneous and illegal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant in the total amount of $6,632.05, plus interest thereon according to law, for court costs and witness fees, and for abatement of the remainder of the penalty assessed against him; and for such other and further relief, general or special, at law or in equity, including but not limited to the right of contribution under Section 6672(d) of the Code, as to which Plaintiff by this pleading or proper amendment shows himself justly entitled.

Dated: January _14_, 2008.

Respectfully submitted,

By: _____

Jasper G. Taylor III
State Bar No. 19733500
Southern District of Texas Bar No. 3113

FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone Number:  713-651-5670
Facsimile Number:  713-651-5246

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

Jay M. Chadha
State Bar No. 24012406
Southern District of Texas Bar No. 430517
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone Number:  713-651-3770
Fax Number:  713-651-5246

# FULBRIGHT & JAWORSKI L.L.P.

A Registered Limited Liability Partnership

FULBRIGHT TOWER

1301 McKinney, Suite 5100

Houston, Texas 77010-3095

www.fulbright.com

JCHADHA@FULBRIGHT.COM

DIRECT DIAL: (713) 651-3770

TELEPHONE: (713) 651-5151

FACSIMILE: (713) 651-5246

July 10, 2007

**VIA HAND DELIVERY**

Internal Revenue Service
1919 Smith St.
Houston, TX  77002

> INTERNAL REVENUE SERVICE
> W & I - FIELD ASSISTANCE
> HOUSTON, TX 77002
>
> JUL 1 0 2007
>
> **PROOF OF DELIVERY ONLY**
> **THIS IS NOT AN OFFICIAL RECEIPT**
> 45302

    Re:   Oniel C. Mendenhall, Jr.

Dear Madam or Sir:

    Enclosed are the following documents for Oniel C. Mendenhall, Jr.:

1. Form 843 – Claim for Refund and Request for Abatement for the quarterly periods ending June 2004 through June 2005;

2. An attachment applicable to each claim for refund; and

3. a Form 2848, Power of Attorney and Declaration of Representative, authorizing the undersigned and others to represent Mr. Mendenhall in this matter.

    Please file-stamp each refund claim to evidence receipt and filing and return to me.

            Very truly yours,

            Jay M. Chadha

Enclosures

**EXHIBIT A**

40336465.1

| Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service | **Claim for Refund and Request for Abatement** ▶ **See separate instructions.** | OMB No. 1545-0024 |
|---|---|---|

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*
**Do not** *use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| | |
|---|---|
| Name of claimant **Oniel C. Mendenhall, Jr.** | Your SSN or ITIN **463 : 49 : 2358** |
| Address (number, street, and room or suite no.) **2506 Locke Lane** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code **Houston, TX  77019** | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number ( ) |

**1** **Period.** Prepare a separate Form 843 for each tax period
From **04 / 01 / 2004** to **06 / 30 / 2004**

**2** Amount to be refunded or abated
$ **1,283.43**

**3a** Type of tax, penalty, or addition to tax:
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶  7/10/07

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached**

INTERNAL REVENUE SERVICE
W & I - FIELD ASSISTANCE
HOUSTON, TX 77002

JUL 1 0 2007

PROOF OF DELIVERY ONLY
THIS IS NOT AN OFFICIAL RECEIPT
45302

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

_____   Date 7/10/07
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

_____   Date
Signature

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**    Cat. No. 10180R    Form **843** (Rev. 11-2005)

DANIEL CHARLES MENDENHALL, JR.
2505 LOCKE LN.
HOUSTON, TEXAS  77019

0023217197

DATE _7/10/07_

PAY TO THE
ORDER OF _U.S. Treasury_ _____ $ 1,283.43

_One thousand two hundred e eighty three dollars_ 43/00 DOLLARS

NORTHERN TRUST BANK OF TEXAS N.A.

**Northern Trust**

MEMO _6/30/04 emp. TAX_

⑆111301193⑆ 2041⑈00 23217197⑈

Form **843**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| Name of claimant <br> **Oniel C. Mendenhall, Jr.** | Your SSN or ITIN <br> 463 : 49 : 2358 |
|---|---|
| Address (number, street, and room or suite no.) <br> **2506 Locke Lane** | Spouse's SSN or ITIN <br> : : |
| City or town, state, and ZIP code <br> **Houston, TX  77019** | Employer identification number (EIN) <br> : : |
| Name and address shown on return if different from above | Daytime telephone number <br> (    ) |

**1  Period.** Prepare a separate Form 843 for each tax period
From  07 / 01 / 2004  to  09 / 30 / 2004

**2**  Amount to be refunded or abated
$                    1,283.42

**3a**  Type of tax, penalty, or addition to tax:
☐ Employment    ☐ Estate    ☐ Gift    ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b**  Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☑ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

**4a**  Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
**b**  Dates of payment ▶  7/10/07

**5  Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| | |
|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | 7/10/07 <br> Date |
| Signature | Date |

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**      Cat. No. 10180R      Form **843** (Rev. 11-2005)

2506 LOCKE LN.
HOUSTON, TEXAS 77019-7029

DATE 1/19/04

PAY TO THE
ORDER OF  U. S. Treasury                           $ 1,283.42

one thousand two hundred & eighty-three dollars 42/100                    DOLLARS

NORTHERN TRUST BANK OF TEXAS N.A.

Northern Trust

MEMO 9/30/04  emp tax                                              MP

⑆ 1130 1193 ⑈ 204 2⑆ 00 2321 7197⑈

Form **843**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ **See separate instructions.**

OMB No. 1545-0024

Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name of claimant<br>**Oniel C. Mendenhall, Jr.** | Your SSN or ITIN<br>463 : 49 : 2358 |
| Address (number, street, and room or suite no.)<br>**2506 Locke Lane** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>**Houston, TX  77019** | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number<br>(       ) |

**1** **Period.** Prepare a separate Form 843 for each tax period
From  10 / 01 / 2004  to  12 / 31 / 2004

**2** Amount to be refunded or abated
$  1,427.79

**3a** Type of tax, penalty, or addition to tax:
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ _7/10/07_

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached**

INTERNAL REVENUE SERVICE
W & I - FIELD ASSISTANCE
HOUSTON, TX 77002

JUL 1 0 2007

PROOF OF DELIVERY ONLY
THIS IS NOT AN OFFICIAL RECEIPT
45302

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| | |
|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date  7/10/07 |
| Signature | Date |

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.** | Cat. No. 10180R | Form **843** (Rev. 11-2005)

2606 LOCKE LN.
HOUSTON, TEXAS 77019

PAY TO THE
ORDER OF  *U.S. Treasury*                                    $ 1,427.79

*one thousand four hundred & twenty seven Dollars*                      DOLLARS

NORTHERN TRUST BANK OF TEXAS N.A.

**Northern Trust**

MEMO  12/31/04    emp tax

⑈ 113011931 ⑈ 2043 ⑈ 00232171971 ⑈

| Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service | **Claim for Refund and Request for Abatement** ▶ **See separate instructions.** | OMB No. 1545-0024 |

Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Type or print | Name of claimant **Oniel C. Mendenhall, Jr.** | Your SSN or ITIN **463 : 49 : 2358** |
| | Address (number, street, and room or suite no.) **2506 Locke Lane** | Spouse's SSN or ITIN |
| | City or town, state, and ZIP code **Houston, TX 77019** | Employer identification number (EIN) |
| | Name and address shown on return if different from above | Daytime telephone number ( ) |

**1** **Period.** Prepare a separate Form 843 for each tax period
From 01 / 01 / 2005 to 03 / 31 / 2005

**2** Amount to be refunded or abated $ 1,353.27

**3a** Type of tax, penalty, or addition to tax:
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ **6672**

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ 7/10/07

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See Attached**

INTERNAL REVENUE SERVICE
W & I - FIELD ASSISTANCE
HOUSTON, TX 77002

JUL 10 2007

PROOF OF DELIVERY ONLY
THIS IS NOT AN OFFICIAL RECEIPT
45302

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)          Date 7/10/07

Signature          Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.          Cat. No. 10180R          Form **843** (Rev. 11-2005)

2506 LOCKE LN.
HOUSTON, TEXAS 77019

PAY TO THE
ORDER OF __ U.S. Treasury _____ $ 1,353.29

one thousand three hundred fifty three and 29/100 DOLLARS

NORTHERN TRUST BANK OF TEXAS N.A.

Northern Trust

MEMO  3/31/05  emp tax

⑆113011931⑆ 2044⑈ 00 232171971⑈

Form **843**
(Rev. November 2005)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not** use Form 843 if your claim is for—
● An overpayment of income taxes;
● A refund for nontaxable use (or sales) of fuel; or
● An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant | Your SSN or ITIN |
|---|---|
| Oniel C. Mendenhall, Jr. | 463 : 49 : 2358 |
| Address (number, street, and room or suite no.) | Spouse's SSN or ITIN |
| 2506 Locke Lane | : : |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Houston, TX  77019 | |
| Name and address shown on return if different from above | Daytime telephone number |
| | ( ) |

**1**   **Period.** Prepare a separate Form 843 for each tax period
From   04 / 01 / 2005   to   06 / 30 / 2005

**2**   Amount to be refunded or abated
$   1,284.14

**3a**   Type of tax, penalty, or addition to tax:
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ 6672

**b**   Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a**   Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
**b**   Dates of payment ▶   7/10/07

**5**   **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

See Attached

INTERNAL REVENUE SERVICE
W & I - FIELD ASSISTANCE
HOUSTON, TX 77002

JUL 1 ) 2007

PROOF OF DELIVERY ONLY
THIS IS NOT AN OFFICIAL RECEIPT
45302

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)     Date   7/10/07

Signature     Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.     Cat. No. 10180R     Form **843** (Rev. 11-2005)

2506 LOCKE LN
HOUSTON, TEXAS 77019

DATE _____

PAY TO THE
ORDER OF _____ U. S. Treasury _____ $ 1,284.14

one thousand two hundred eighty four 14/100 _____ DOLLARS 🔒 Security Features
Included.
Details on Back.

**Northern Trust**

NORTHERN TRUST BANK OF TEXAS N.A.

MEMO 6/30/05 emp tax

⑆ 113011931 ⑈ 2045 ⑈ 00 232171977 ⑈

INTERNAL REVENUE SERVICE
W & I - FIELD ASSISTANCE
HOUSTON, TX 77002

JUL 1 0 2007

PROOF OF DELIVERY ONLY
THIS IS NOT AN OFFICIAL RECEIPT
45302

## ONIEL C. MENDENHALL, JR.
### SSN: 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
### ATTACHMENT TO FORM 843 – CLAIM FOR REFUND

I.    Introductory Statement

        In a letter dated May 10, 2007, the Appeals Office of the Internal Revenue Service was unable to reach agreement with Oniel C. Mendenhall, Jr. (the "Taxpayer") regarding the Trust Fund Recovery Penalty under Section 6672 of the Internal Revenue Code of 1986, as amended, for the following periods: 06/2004/, 09/2004, 12/2004, 03/2005, and 06/2005 (the "tax periods at issue").  The Taxpayer has paid an amount equal to the tax for one employee for all of the tax periods at issue.

II.    Background Information

        Triple A Poultry, Inc. ("Triple A") is engaged in sale of poultry and other meats to grocery stores.  In September 2005, Triple A discovered information suggesting that substantial amounts of money may have been misappropriated from Triple A by one of the company's former officers.  While Triple A has not yet fully traced and accounted for these funds, its preliminary analysis indicates that in excess of $9 million may have been improperly diverted from Triple A and its affiliates.

        Alan Rollins, a thirteen year employee of Triple A, was until recently its Controller and de facto Chief Financial Officer.  On Tuesday, September 6, 2005, Mr. Rollins left Triple A's offices and has not been seen since.  Triple A has hired a private investigator to attempt to locate Mr. Rollins but, to date, has been unsuccessful.

        While at Triple A, Mr. Rollins oversaw all financial operations of the company.  His responsibilities included opening the daily mail, determining which creditors were to be paid, preparing appropriate checks for payment and all dealings with Triple A's bank.  Mr. Rollins also had direct responsibility for preparing and filing all employment tax returns and supplying necessary information to Triple A's outside accountant for its use in preparing the company's annual federal income tax returns.

        As part of his duties, Mr. Rollins prepared monthly financial statements and bi-weekly cash reports which were presented to the owners and president of Triple A.  In addition to a variety of other information, each such report indicated that Triple A's employment taxes were being paid and that the company had cash in the bank.  At all times prior to September 6, 2005, Mr. Rollins gave everyone at Triple A the impression that he was a very honest and hard-working employee.

        Although Mr. Rollins did not have authority to sign Triple A's checks, he did have authority to wire transfer funds.  Mr. Rollins also directly supervised Dina Limon, who did have authority to sign checks.  During the investigation into Mr. Rollins's activities, it was discovered that Ms. Limon would often sign blank checks and leave them for Mr. Rollins.

On the morning of September 6, 2005, the management and owners of Triple A believed it was a financially sound business, but by the end of the day, they had learned that they had been misled by a trusted employee, that employment taxes had not been paid.

Following Mr. Rollins' disappearance, Mike Kelley, President of Triple A, went through Mr. Rollins' desk drawers on September 7, 2005 and found years of checks to the tax paymaster for Triple A to pay the IRS the employment taxes. These checks, copies of which are attached as Exhibit A, had been prepared by Triple A and signed, and provided such checks to Mr. Rollins' custody to Mr. Rollins for deposit. Mr. Rollins never delivered such checks for deposit to the IRS. Mr. Rollins had consistently reported to company management that all taxes were being paid, and all financial statements given to management reflected taxes being paid. A sample of the financial statements prepared by Mr. Rollins and presented to the management of Triple A is attached as Exhibit B. By reviewing Mr. Rollins's voicemail, Mr. Kelley also learned of a meeting between IRS Revenue Officer Coy Jennings ("Revenue Officer Jennings") and Mr. Rollins.

According to Revenue Officer Jennings, Mr. Rollins communicated several times with Revenue Officer Jennings in the weeks leading up to his disappearance. Based on Revenue Officer Jennings' statements, Revenue Officer Jennings informed Mr. Rollins, in their initial meeting on August 16, 2005, that the last employment tax return shown filed by Triple A was the Form 941 for the 3rd Quarter of 2001. In the following three weeks, Mr. Rollins prepared employment tax returns for years 2002, 2003, and 2004 and Triple A checks totaling over $8.6 million. Mr. Rollins submitted these returns and checks to the IRS at a time when Triple A did not have sufficient funds to cover such checks. Since that time, the checks accompanying the returns have been returned unpaid. All of these actions were taken without the knowledge of anyone at Triple A, other than Mr. Rollins.

Throughout this period, the management and owners of Triple A were led to believe that the checks issued to pay employment taxes had been delivered and the taxes paid. Triple A believes those funds were diverted by Mr. Rollins. When Mr. Rollins disappeared on September 6, he left Triple A with no money in its accounts and with significant debt which no one else at Triple A was aware of.

Since these initial discoveries, Triple A has employed forensic accountants to review the company's books and records. The accountants have stated that the financial statements and statements of cash balances delivered to the owners were not accurate and not reliable. Triple A has hired a temporary Controller to put the company's books and records in order. Triple A has also notified the Federal Bureau of Investigation, and local law enforcement authorities, regarding Mr. Rollins's actions.

Triple A requested a meeting with Revenue Officer Jennings to discuss its options to settle this dispute, but was told that there would be no discussion until a prior tax lien was paid off. Again, the management of Triple A did not know of this prior existing federal tax lien. On September 29, 2005, Triple A paid one million five hundred sixty-six thousand, five hundred ten dollars and forty-five cents ($1,566,510.45) for taxes reflected on Form 941 for the fourth quarter of tax year 2000, and Form 940 for tax years 2000 and 2001. Triple A had to borrow the

money necessary to make this payment to the IRS, which borrowing was secured by all of Triple A's assets.

III.     Refund Sought

The Taxpayer began as an employee of Triple A in June 2004.  The Taxpayer owns forty-nine percent (49%) of the stock of Triple A, but did not have check-signing ability for Triple A's bank accounts for the tax periods at issue and continues to not have check-signing ability for the company.  Accordingly, the Taxpayer is not a "responsible person" under Section 6672 for any of the tax periods at issue.  Further, financial statements reviewed by the Taxpayer indicated that all employment taxes were being paid.  Therefore, the Taxpayer did not have actual knowledge that employment taxes were not being paid.  Lastly, the Taxpayer exercised reasonable care and due diligence to insure that Triple A's employment taxes were being handled properly.  However, Mr. Rollins, through his malfeasance, and potentially criminal activity, deceived the Taxpayer and others at Triple A, by providing false information to the Taxpayer that the employment taxes were being paid.

The Taxpayer is not liable for the Section 6672 penalty assessed against him for the tax periods at issue, because (a) he is not a person required to collect, truthfully account for, or pay over any tax for such periods, and (b) there was no "willful" failure to collect or account for and pay over the employment taxes for such periods.  Accordingly, the amounts paid should be refunded.

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name _____
Telephone _____
Function _____
Date __ / __ / __

## Part I  Power of Attorney

**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1  Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

Taxpayer name(s) and address

Oniel C. Mendenhall, Jr.
2506 Locke Avenue
Houston, Texas  77019

Social security number(s): 463 : 49 : 2358

Employer identification number

Daytime telephone number ( 281 ) 872-0087

Plan number (if applicable)

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2  Representative(s)** must sign and date this form on page 2, Part II.

Name and address
Jasper G. Taylor III, Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
CAF No. 7800-50987R
Telephone No. 713-651-5670
Fax No. 713-651-5246
Check if new: Address ☐ Telephone No. ☐ Fax No. ☐

Name and address
John R. Allender, Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
CAF No. 7800-00119R
Telephone No. 713-651-5664
Fax No. 713-651-5246
Check if new: Address ☐ Telephone No. ☐ Fax No. ☐

Name and address
Jay M. Chadha, Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
CAF No. 5005-75134R
Telephone No. 713-651-3770
Fax No. 713-651-5246
Check if new: Address ☐ Telephone No. ☐ Fax No. ☐

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3  Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| Civil Penalty - Trust Fund Recovery Penalty | 843 | Quarterly periods 2004-2005 |

INTERNAL REVENUE SERVICE
W & I - FIELD ASSISTANCE
HOUSTON, TX 77002

**4  Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . ▶ ☐

**5  Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ............................
..................................................................................................

**6  Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**For Privacy Act and Paperwork Reduction Notice, see page 4 of the instructions.**   Cat. No. 11980J   Form **2848** (Rev. 3-2004)

Form 2848 (Rev. 3-2004)                                                                                              Page **2**

**7**  **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

  **a**  If you also want the second representative listed to receive a copy of notices and communications, check this box  ▶ ☑

  **b**  If you do not want any notices or communications sent to your representative(s), check this box  . . . . . . ▶ ☐

**8**  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here. . . . . . . . . . ▶ ☐
    **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9**  **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

  ▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| | | |
|---|---|---|
| Signature | Date 7/10/07 | Title (if applicable) |
| Print Name | PIN Number ☐☐☐☐☐ | Print name of taxpayer from line 1 if other than individual |
| Signature | Date | Title (if applicable) |
| Print Name | PIN Number ☐☐☐☐☐ | |

---

**Part II**  **Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

  **a**  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

  **b**  Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

  **c**  Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.

  **d**  Officer—a bona fide officer of the taxpayer's organization.

  **e**  Full-Time Employee—a full-time employee of the taxpayer.

  **f**  Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

  **g**  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).

  **h**  Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter **(a–h)** | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | TX | *Jasper W. Taylor* | 7/10/07 |
| a | TX | *John R. Allen* | 7/10/07 |
| a | TX | *[signature]* | 7/10/07 |

Form **2848** (Rev. 3-2004)